UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.          ) | Case No. 2:19-cr-655-RDP-JHE |
| ) | |
| **SHAFQAT SULTAN,**   ) | |
|     **Defendant**     ) | |

### GOVERNMENT'S MOTION TO AMEND IT'S RESPONSE TO SULTAN'S *PRO SE* MOTION FOR RETROACTIVE APPLICATION OF U.S.S.G. AMENDMENT 821

The United States moves for permission to amend its timely response to Defendant Sultan's *pro se* motion for retroactive application of Sentencing Guideline Amendment 821. Sultan's motion implicates both the eligibility and discretion stages of this Court's analysis under 18 U.S.C. § U.S.C. § 3582(c)(2), the statutory vehicle governing the relief Sultan seeks. Unlike in its initial response, the government now agrees that Sultan is eligible for relief under § 3582(c)(2), but newly obtained information counsels against the Court's exercising its discretion to lower Sultan's sentence.[1]

---

[1] The government erred in its previous assertion that Sultan was not eligible for § 3582(c)(2) relief related to Amendment 821. (See Doc. 42.) The United States apologizes to the Court and the defendant.

1

## Analysis

Sultan is eligible for relief, but this Court should exercise its discretion to deny relief based on his post-offense conduct. As relevant here, an imposed federal sentence can only be modified on the limited bases outlined in 18 U.S.C. § 3582(c). One such ground applies where a defendant's sentence was based on a sentencing guideline range that the Sentencing Commission since has both lowered and made retroactively applicable. 18 U.S.C. § 3582(c)(2). If the defendant meets both these criteria, he is eligible to have the sentencing court apply its discretion to consider "reduc[ing] the [defendant's] term of imprisonment, after considering the" § 3553(a) factors, "to the extent they are applicable." 18 U.S.C. § 3582(c)(2). *See United States v. Dillon*, 560 U.S. 817, 826-27 (2010) (citing 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10) (explaining the two-step approach).

### 1. Step One – Eligibility

When this Court sentenced Sultan for drug and gun offenses, its guideline calculations correctly included a two-offense-level increase because he committed these federal crimes while "under a[] criminal justice sentence." U.S.S.G. § 4A1.1(d) (Nov. 1, 2008); PSR at ¶¶ 45-46. Including these two points, Sultan had eight criminal history points and a criminal history category IV. PSR at ¶ 46. Combined with his offense level of 23, this criminal history category placed Sultan

in an advisory guideline range of 70-87 months. PSR at ¶¶ 46 & 85. The court sentenced Sultan to a term of 76 months, in the middle of the advisory range. (Doc. 36).

Effective November 1, 2023, the Sentencing Commission amended U.S.S.G. § 4A1.1, in relevant part, to eliminate any assessment of criminal history status points against defendants who, (a) although under a criminal justice sentence at the time of the federal crime, (b) had fewer than seven criminal history points based purely on previous convictions. Amendment 821, Part A (U.S.S.G. Supp. to App. C at 234-36); U.S.S.G. § 4A1.1(e) (Nov. 1, 2023). Amendment 821 applies retroactively to inmates sentenced before November 1, 2023. U.S.S.G. § 1B1.10(d); Amendment 825 (U.S.S.G. Supp. to App. C at 260-63).[2]

Applied retroactively, Amendment 821 would result in a lower sentencing range for Sultan. Because he had six criminal history points from previous convictions, PSR at ¶ 44, Sultan would receive no additional criminal history points for being under a criminal justice sentence at the time of these federal crimes. *See* U.S.S.G. § 4A1.1(e) (Nov. 1, 2023). A criminal history score of six results in a

---

[2] Retroactive relief granted under Amendment 821 cannot go into effect before February 1, 2024. U.S.S.G. § 1B1.10(e)(2).

criminal history category of III, which combines with offense level 23 to yield a sentencing range of 57-71 months – lower than Sultan's previous range.

As such, Sultan meets the criteria of 18 U.S.C. § 3582(c)(2), and its accompanying policy statement, U.S.S.G. § 1B1.10. Thus, he is eligible for relief under Amendment 821.

### 2. *Step Two -- Discretion*

Sultan's eligibility does not end the Court's inquiry. Instead, the Court must "consider the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2); *see also Dillon*, 560 U.S. at 827. In so doing, the Court should determine "whether, in its discretion, the reduction authorized" at Step One "is warranted in whole or in part under the particular circumstances of the case." *Id.* This analysis can include events that have occurred since the initial sentencing hearing. Indeed, "The only limitations on a court's discretion to consider any relevant materials at an initial sentencing or in modifying that sentence are those set forth by Congress in a statute or by the Constitution." *Concepcion v. United States*, 597 U.S. 481, 494 (citing *Pepper v. United States*, 562 U.S. 476 (2011)).

Sultan's request for a reduced sentence is outweighed by at least four § 3553(a) factors: the history and characteristics of the defendant, the need for the sentence to promote respect for the law, the need for the sentence to adequately deter

criminal conduct, and the need for the sentence to protect the public from further crimes by Sultan. 18 U.S.C. § 3553(a)(1), (2).

Sultan has served approximately three years and ten months of his sentence and is projected for release in just over two years. (*See* Attachment A at 2.) During his time in custody, Sultan has incurred disciplinary sanctions on several occasions. As recently as last month, he possessed a dangerous weapon and used a weapon to assault another inmate in the general population unit. (*See* Attachment B at 1.) In this context, a "dangerous weapon" is "a gun, firearm, weapon, sharpened instrument, knife, dangerous chemical, explosive, ammunition, or any instrument used as a weapon." 28 C.F.R. § 541.3, Table 1. This violation resulted in Sultan loosing more than one month of good time credit and being placed in segregated housing. (*See* Attachment B at 1.)

This incident came about one year after Sultan previously possessed a "dangerous weapon," (*id.* at 4), and a "hazardous tool," (*id.* at 3). Implements classified as "hazardous tools" are those "most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety." 28 C.F.R. § 541.3, Table 1.

5

And even within four months of being sentenced, Sultan had possessed a hazardous tool and offered a staff member a bribe. (Attachment B at 4; *see* Doc. 36.) He has committed other miscellaneous infractions while serving his sentence. (*See generally* Attachment B.)

This pattern of behavior demonstrates, at the least, a characteristic of disobedience to rules and regulations. *See* 18 U.S.C. § 3553(a)(1) (history and characteristics of the defendant). If Sultan is willing to attempt bribery and commit assault *while in prison*, the full measure of his custodial sentence is needed if there exists any possibility of promoting respect for the law and adequately deterring criminal conduct. And with Sultan undeterred to date, he should remain in custody to protect the public from his apparent ongoing propensity to engage in crimes.

## Conclusion

For these reasons, the government cannot agree that Sultan's sentence should be lowered under § 3852(c)(2) in the light of Amendment 821. His motion should be denied.

Respectfully submitted, this 6th day of December 2023.

PRIM F. ESCALONA
United States Attorney

*Brittney L. Plyler*
BRITTNEY L. PLYLER
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on November 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record. Because the defendant filed his motion *pro se*, the government also will send a copy of this document to him via U.S. mail addressed as follows:

    Shafqat Sultan, Inmate No. 37122-001  
    USP Atwater  
    1 Federal Way  
    Atwater, CA  95301.

                                          PRIM F. ESCALONA  
                                          United States Attorney

                                          *Brittney L. Plyler*  
                                          BRITTNEY L. PLYLER  
                                          Assistant United States Attorney